# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, et al.** | * * * * |
| **Plaintiffs,** | * * |
| **v.** | * Case No. SAG-18-3648 * * |
| **ROYAL INTERNATIONAL DRYWALL & DECORATING, INC., *et al.*** | * * * |
| **Defendants.** | * * * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Currently pending is a Motion for Default Judgment ("the Motion") filed by Plaintiffs International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund") and Tim D. Maitland ("Maitland") (collectively, "Plaintiffs") against Defendants Royal International Drywall & Decorating, Inc., Buckingham Builders Corporation, Buckingham Development, LLC, Darwan Brothers Investments, LLC, Darwan Enterprises of Shorewood, LLC, Darwan Land Development, Inc., Royal American Homes, Inc., Hysam Darwan, and Al Darwan (collectively "Defendants"), ECF 32. Defendants did not file an opposition, and the deadline to do so has now passed. *See* Loc. R. 105.2(a) (D. Md. 2018). I have reviewed Plaintiffs' Motion and the accompanying attachments. No hearing is necessary. *See* R. 105.6. For the reasons discussed below, Plaintiffs' Motion for Default Judgment will be DENIED.

## I. BACKGROUND

The facts recited herein are derived from the Complaint, the Motion, and the attached exhibits. The Pension Fund is a trust fund comprised of trustees for the International Painters and Allied Trades Industry Pension Plan, a "multiemployer plan" within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"). ECF 1, ¶ 4; *see* 29 U.S.C. §§ 1002(2), (3), (37), 1301(a)(3) (2012). On November 28, 2018, Plaintiffs filed a Complaint in this Court, alleging that Defendants failed to pay incurred withdrawal liability to the Pension Fund. ECF 1. Specifically, Plaintiffs allege that Defendant Royal International Drywall & Decorating, Inc. ("the Contributing Business"), was a contributing business to the Pension Fund. *Id.* ¶ 7. Plaintiffs further allege that the other named corporate Defendants were under common control with the Contributing Business, and accordingly share liability as a single employer pursuant to 29 U.S.C. § 1301(b). *Id.* ¶¶ 7-13. Plaintiffs allege that the two individual defendants were former owners and trustees of the corporate Defendants. *Id.* ¶¶ 14-15. Plaintiffs allege that the Contributing Business effected a complete withdrawal from the pension plan, as defined by 29 U.S.C. § 1383, in 2006, thereby incurring withdrawal liability to the Pension Fund. *Id.* ¶ 18. On November 24, 2017, the Pension Fund demanded payment of the withdrawal liability by sending a letter (the "Notice Letter") to "Royal International & Decorating, c/o Hysam Darwan, 5S524 Eugenia Drive, Naperville, IL, 60540." ECF 1-11. After the Notice Letter containing the demand was sent, the Contributing Business did not pay the withdrawal liability, and did not request review of the determination or seek arbitration on a timely basis. ECF 1, ¶¶ 20, 21.

Defendants were served, by alternative service, with the summons and Complaint on June 10, 2019. ECF 10 to 18. After Defendants failed to file Answers or otherwise defend, Plaintiffs filed a Motion for Entry of Default, ECF 19, on July 12, 2019, which the Clerk granted on July 15,

2019, ECF 20 to 29. Plaintiffs thereafter filed the instant Motion for Judgment by Default, ECF 32, on September 27, 2019. In support of their motion, Plaintiffs attached the Declaration of Maitland, the Administrator of the Pension Fund, ECF 32-5, and the Declaration of James E. Goodley, Esq., counsel to the Pension Fund, ECF 32-8. Maitland's affidavit alleged that, as of September 26, 2019, the Contributing Business owed the Pension Fund $188,496.00 in unpaid withdrawal liability, $16,196.27 in interest, and $37,699.20 in liquidated damages. ECF 32-5, ¶¶ 11-13; ECF 32-7. Goodley's affidavit supported a request for attorneys' fees and costs in the amount of $19,632.25. ECF 32-10, ¶ 3.

## II. STANDARD FOR DEFAULT JUDGMENT

In reviewing Plaintiffs' Motion, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). However, it remains for the Court to determine whether these unchallenged factual allegations constitute a legitimate cause of action. *Id.* at 780-81; *see also* 10A WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE § 2688.1 (3d ed. Supp. 2010) ("Liability is not deemed established simply because of the default . . . . [T]he court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the Court determines that liability is established, it must then determine the appropriate amount of damages. *Ryan*, 253 F.3d at 780-81. The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794-95 (D. Md. 2010). In so doing, the Court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). The court may also make a determination of damages without a hearing so long as there is an adequate evidentiary basis in

the record for an award. *See Monge*, 751 F. Supp. 2d at 795; *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) ("The court need not make this determination [of damages] through a hearing, however. Rather, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum."); *see also Trs. of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation, Inc.*, Civil No. ELH-11-832, 2011 WL 5151067, at *4 (D. Md. Oct. 27, 2011) (determining that, in a case of default judgment against an employer, "the Court may award damages without a hearing if the record supports the damages requested"); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, Civ. No. 6:09cv00004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment where plaintiff submitted affidavits and electronic records establishing the amount of damages sought); *JTH Tax, Inc. v. Smith*, Civil No. 2:06CV76, 2006 WL 1982762, at *3 (E.D. Va. June 23, 2006) ("If the defendant does not contest the amount pleaded in the complaint and the claim is for a sum that is certain or easily computable, the judgment can be entered for that amount without further hearing.").

In sum, the court must (1) determine whether the unchallenged facts in Plaintiffs' Complaint constitute a legitimate cause of action, and, if they do, (2) make an independent determination regarding the appropriate amount of damages and the appropriate injunctive relief.

### III. DISCUSSION

#### A. Defendant's Liability under ERISA and Contract Claims

To collect withdrawal liability, a plan sponsor must follow the requirements of 29 U.S.C. § 1399(b)(1) (Supp. III 2015), which requires, "As soon as practicable after an employer's complete or partial withdrawal, the plan sponsor shall notify the employer of the amount of the liability and the schedule for liability payments, and demand payment in accordance with the

schedule." Although Plaintiffs allege, in their Complaint, that they complied with § 1399, ECF 1, ¶¶ 26-27, the factual record does not reflect compliance. First, there is serious question as to whether the plan sponsor sent its demand "as soon as practicable after an employer's complete or partial withdrawal" as the statute requires. Plaintiffs' Complaint itself dates the Contributing Business's complete withdrawal to 2006, *id.* ¶ 18, and Plaintiffs provide no explanation for the decade-plus delay in their attempt to send the required notice and demand.

Second, and more importantly, the Complaint fails to establish how the November 14, 2017 letter, sent to an address not associated with either the Contributing Business or its owner of record, constituted effective notice. In the Complaint, which was filed approximately one year after the Notice Letter, the Eugenia Drive address was not listed for either "Royal International Drywall & Decorating" or "Hysam Darwan." Instead, the Complaint listed "5S524 Eugenia Drive" as the address for Buckingham Builders Corporation, an entity which had been dissolved since March 11, 2011, and for Al Darwan. ECF 1 at 1-2; ECF 32-9 at 2 (indicating Buckingham Builders Corporation's involuntary dissolution). Al Darwan was not, in any of the relevant paperwork, listed as an owner and trustee of the Contributing Business. *See* ECF 1, ¶ 14 ("Defendant Hysam Darwan ('Hysam') is a former owner and trustee for the benefit of creditors and owner of Contributing Business, Buckingham Builders, Darwan Brothers, and Darwan Enterprises."); ECF 32-9 at 14-15 (corporate paperwork reflecting the agent and president of the Contributing Business as "Hysam Darwan").

Further, while service upon one member of a control group can render effective notice upon all others in the control group, *see McDonald v. Centra, Inc.*, 946 F.2d 1059, 1062 (4th Cir. 1991), the Complaint fails to establish how any Control Group member here received effective notice. In fact, Plaintiffs' Motion for Alternative Service, ECF 8, highlights the inadequacy of the

5

purported notice. On June 4, 2019, Plaintiffs filed a declaration from a process server who tried to serve "Defendants Al Darwan and Buckingham Builders Corporation" at 5S524 Eugenia Drive, Naperville, IL 60540 on December 23, 2018 and December 28, 2018. ECF 8-4, ¶ 4. Service was not effected, and "[a] neighbor informed the process server that Defendant Al Darwan had moved at least four months prior and a mail carrier confirmed the same." *Id.* The phrase "[a]t least four months prior" does not indicate whether the Eugenia Drive address was valid for Al Darwan or Buckingham Builders Corporation in November, 2017, when the Notice Letter was sent. The corporate records for Buckingham Builders Corporation show its involuntary dissolution on March 11, 2011, ECF 32-9 at 2-3, so there is no reason to assume the address would have been valid more than six years later. Accordingly, absent some proof that notice was effected, Plaintiffs' allegations do not establish Defendants' liability under ERISA.

  **b. Shareholder Liability**

Count Two alleges "Shareholder Liability for Violation of the Trust Fund Doctrine," ECF 1, ¶¶ 28-61, and Count Three alleges "Shareholder and Director Liability for Violation of Illinois's Uniform Fraudulent Transfers Act," *id.* ¶¶ 62-86. In both counts, Plaintiffs allege, "upon information and belief," that corporate assets were transferred to Hysam Darwan and/or Al Darwan after the Contributing Business had incurred withdrawal liability to the Pension Fund. *Id.* ¶¶ 30, 66, 67. However, the Complaint contains no specific allegations regarding the amount of assets any of the corporate Defendants held at any time, the amounts of any transfers of corporate assets to Hysam Darwan and/or Al Darwan, or the dates of any such transfers.

The total potential liability under Counts Two and Three would be limited to the amounts of any transfers of corporate assets to the Darwans. The "trust fund doctrine," under Illinois law, would allow Hysam Darwan, as the sole shareholder of the Contributing Business, to be held liable

6

for its withdrawal liability to the extent of the amount of improper transfers he received. *See, e.g.*, *Cent. States, Se. & Sw. Areas Pension Fund v. Minneapolis Van & Warehouse Co.*, 764 F. Supp. 1289, 1294 (N.D. Ill. 1991) ("When the assets of a corporation are distributed to its shareholders leaving corporate debts unpaid, liability of the shareholders to a creditor, to the extent of the value of the assets received is beyond question." (quoting *Snyder v. State-wide Props., Inc.*, 235 F. Supp. 733, 742 (N.D. Ill. 1964))). As described in the Complaint, "a constructive trust applies to any assets that the Contributing Business or Control Group entity distributed to a shareholder, or shareholders, after a pension fund's claim for withdrawal liability arose." ECF 1, ¶ 31. Similarly, Illinois's Uniform Fraudulent Transfers Act ("UFTA") allows creditors to recover fraudulent transfers from the recipients of the transfers. 740 Ill. Comp. Stat 160/5, 6, 10 (2019).

Plaintiffs' claims simply are not amenable to default judgment, due to the lack of any factual information alleged. First, and particularly in this context, the allegations made "upon information and belief," that unknown corporate assets were transferred to the Darwans at unknown times, are insufficiently specific to provide the basis for entry of default judgment. *See, e.g.*, *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 543 (D. Md. 2011) ("An allegation made 'on information and belief' does 'not serve as a reliable foundation upon which to predicate a final judgment.'" (quoting *Oceanic Trading Corp. v. Vessel Diana*, 423 F.2d 1, 4-5 (2d Cir. 1970))); *see also Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 374 (D. Md. 2012) (same). Plaintiffs offer no evidence, or even allegations, suggesting that transfers were made. The only corporate records before this Court reflect "involuntary dissolution" of each of the corporate defendants, between 2007 and 2012, with no further explanation of the basis for the dissolutions and no indication whether any assets were transferred at the time the entities dissolved. ECF 32-9. Second, even if the non-specific factual allegations made "upon information and belief"

7

were to be deemed admitted, this Court would have no basis for awarding any particular judgment against the Darwans. The appropriate amount of their individual liability, under the legal theories described above, would be limited to the assets unlawfully transferred to the Darwans by the corporate entities, and that amount is entirely unknown. There is no factual basis in the Complaint as pled that would permit the relief requested by the Plaintiffs, which is joint and several liability of the Darwans with the corporate defendants for the entire amount at issue in this case.

In light of the above-referenced deficiencies in the Complaint, which do not permit a finding that the unchallenged factual assertions constitute a valid cause of action, Plaintiffs' Motion for Default Judgment will be denied. Plaintiffs will be permitted forty-five days to amend their Complaint to correct the deficiencies identified herein. An implementing Order follows.

Dated: October 29, 2019     /s/
Stephanie A. Gallagher
United States District Judge